MARY FEENEY, RELATOR-APPELLANT, v. GEORGE H. BURKE ET AL., COMPRISING THE BOARD OF CIVIL SERVICE COMMISSIONERS, RESPONDENTS.

Argued March 14, 1916—Decided June 19, 1916.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"The facts and the question involved are thus stated in the brief of counsel for the rule.

"Jersey City has adopted the provisions of the so-called 'Walsh act,' chapter 221, laws of 1911. The present members of the board of commissioners of that city were elected on the 10th day of June, 1913, and were organized under said act on the 17th day of June aforesaid. On the day last mentioned George F. Brensinger, one of the members of the said board, was elected or appointed by the said board of com-

missioners to be director of revenue and finance, and at the
same time was elected or appointed by the said board treas-
urer of Jersey City, comptroller of Jersey City and city col-
lector of Jersey City. Subsequently, the said George F. Bren-
singer appointed one Joseph F. S. Fitzpatrick to be his pri-
vate secretary, and the said Fitzpatrick has ever since and
still is such private secretary to the said Brensinger as director
of revenue and finance. Subsequently, on the 29th day of
October, in the year 1914, the said board, declaring that there
was necessity for a confidential stenographer to the said Bren-
singer as city comptroller, appointed the relator such stenog-
rapher. The city clerk of Jersey City certified such last-
mentioned appointment to the board of civil service commis-
sioners. The civil service commissioners declined to consider
the said relator as being in the exempt class under the pro-
visions of the so-called Civil Service law. *Pamph. L.* 1908,
*p.* 235. The said civil service board has also refused to cer-
tify the name of the said relator for payment as provided for
in the twenty-sixth section of the said Civil Service act, and
it is under this twenty-sixth section that she now makes her
application for a writ as authorized and directed therein.

"The theory of the relator is that her appointment is valid,
and that she is entitled to payment as an appointee coming
within the fourth subdivision of the thirteenth section of the
Civil Service act as a stenographer to a principal executive
officer, to wit, the comptroller of Jersey City.

"The statute provides that one private secretary, or clerk,
or stenographer of such principal executive officer shall be in-
cluded in the exempt class. We think the treasurer, comp-
troller and collector of Jersey City are not principal executive
officers. Section 4 of the Commission Government act ex-
pressly enacts that the board of commissioners shall have and
possess all administrative, judicial and legislative powers now
had and possessed and exercised by the mayor and city coun-
cil and all other executive or legislative bodies in the city and
have complete control over the affairs of the city. If this
office of comptroller can be said to exist still, he is obviously

a mere employe of the commissioners and no longer a principal executive officer.

"The rule must be discharged, with costs."

For the appellant, *John Bentley.*

For the respondent, *John W. Wescott,* attorney-general.

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, BERGEN, MINTURN, BLACK, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 11.

*For reversal*—None.